UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSTANTIN LAND TRUST                    CIVIL ACTION

VERSUS                                   NO. 12-259

EPIC DIVING AND MARINE                   MAGISTRATE JUDGE
SERVICES, LLC                            JOSEPH C. WILKINSON, JR.

## <u>ORDER AND REASONS ON MOTION</u>

Defendant, EPIC Diving & Marine Services, LLC ("EPIC"), filed a motion to dismiss the petition (originally filed in state court) of plaintiff, Constantin Land Trust ("Constantin").  Record Doc. No. 16.  After defendant filed its motion, Constantin filed a First Amending Petition for Damages.  Record Doc. No. 17.  Constantin then filed a timely written opposition to EPIC's motion to dismiss, arguing that its First Amending Petition has rendered the motion moot.  Record Doc. No. 18.  EPIC received leave to file a reply memorandum.  Record Doc. Nos. 13, 14, 15.

All parties have now consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Record Doc. No. 11.

Having considered the written submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that defendant's motion to dismiss is GRANTED IN PART as to plaintiff's claim of conversion and DENIED IN SUBSTANTIAL PART, as follows.

ANALYSIS

A.     Legal Standard for a Motion to Dismiss

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief.  First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

Post-Twombly, the Fifth Circuit has reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (citing Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)); Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Ordinarily, "a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the Plaintiff an opportunity to amend." Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tex. Dec. 16, 2009) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6 (5th Cir. 2000)); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Linck v. Brownsville Navig. Dist., 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993).

B.    Plaintiff Fails to State a Claim for Conversion

EPIC argues that Constantin's petition fails to state a claim for conversion under Louisiana law because the petition does not allege that defendant interfered with any of plaintiff's moveable property.  Plaintiff argues in its opposition memorandum that its trespass and negligence claims should not be dismissed, but does not present any argument in opposition to dismissal of its claim for conversion.  Accordingly, this portion of defendant's motion is deemed to be unopposed, and I find that it has merit.

Constantin's original petition describes the "property known as the Texaco Dock" by a legal description of a piece of immovable property (the "Texaco Dock").  Record Doc. No. 1-1, at ¶ 3.  The First Amending Petition deletes the allegation in paragraph 6 of the original petition that EPIC "committed a trespass and/or conversion of" the Texaco Dock, Record Doc. No. 1-1 (emphasis added), so that the paragraph as amended states

4

only that defendant's actions "constitute a trespass."  Record Doc. No. 17.  However, the First Amending Petition also "reavers all portions of its original petition not otherwise amended herein."  Paragraphs 4, 7 and 9 of the original petition, which were <u>not</u> amended and therefore are still extant in this action, refer to EPIC having "converted" plaintiff's property.

EPIC's motion to dismiss is granted to the extent that Constantin attempts to state a claim for conversion.  Under Louisiana law, conversion only applies to <u>movable</u> property.  Conversion of a moveable, also known as a chattel, occurs when

> 1) possession is acquired in an unauthorized manner; 2) the <u>chattel</u> is removed from one place to another with the intent to exercise control over it;  3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. . . .  The conversion action is predicated on the fault of the defendant and directed to the recovery of the <u>movable</u> or, in the alternative, the plaintiff may demand compensation.

<u>Dual Drilling Co. v. Mills Equip. Invs., Inc.</u>, 721 So. 2d 853, 857 (La. 1998) (citation omitted) (emphasis added); <u>accord</u> <u>MCI Commc'ns Servs., Inc. v. Hagan</u>, 74 So. 3d 1148, 1154 n.8 (La. 2011).

Constantin's petition refers only to immovable property.  Although plaintiff failed to delete some of the references to "converting" in its First Amending Petition, its amendment to paragraph 6 indicates its apparent intent to delete its cause of action for conversion in response to defendant's motion to dismiss.  In the absence of any allegation

that EPIC possessed or damaged any of plaintiff's movable property and in the absence of any opposition by Constantin to defendant's motion to dismiss this claim, the petition, as amended, fails to state a claim for conversion. Accordingly, that claim is dismissed.

C.     The Remainder of the Motion Is Denied

EPIC argues in its motion to dismiss that the original petition is defective because it fails to state the dates during which EPIC's allegedly unlawful conduct occurred. That contention has been mooted by Constantin's First Amending Petition, which states that EPIC's allegedly offending conduct "began in April 2008 and continued through January of 2012." Record Doc. No. 17, at ¶ 2. Similarly, EPIC's original contention that plaintiff's claims are premature because plaintiff's petition indicates that a sublease is still in effect between EPIC and Pitre Industries, LLC, which allegedly had leased the Texaco Dock from Constantin, has apparently been mooted by the allegation in the First Amending Petition that EPIC's offending conduct ended after January 2012.

Constantin also amended its petition to add a claim of negligence. Defendant's motion to dismiss and its reply memorandum do not address that claim. Accordingly, whether the First Amending Petition states a claim of negligence upon which relief can be granted is not before this court and is not addressed by the instant order.

Finally, EPIC seeks to dismiss plaintiff's claim of trespass. The petition, as amended, alleges that, between April 2008 and January 2010, EPIC used, occupied and

6

dumped materials on the Texaco Dock, including the bulkhead and landside dock, without any legal right or authority from Constantin, which was allegedly the owner of public record.  Plaintiff alleges that EPIC

> had actual knowledge of a [Constantin] and Pitre Industries, LLC lease concerning the Texaco Dock and its provision requiring written agreement or authorization from [Constantin] for sublease approval.  Defendant sought no such authorization . . . .  Instead, defendant colluded with Pitre Industries, LLC to intentionally and/or willfully circumvent the provision by entering into a "Service Agreement" which, although invalid, in reality constitutes a sublease.

Record Doc. No. 17, at ¶ 5(A).

Alternatively, plaintiff alleges that EPIC was negligent to the extent that it relied on permission from Pitre Industries, LLC to use the Texaco Dock.  Constantin also asserts that EPIC negligently used and damaged the Texaco Dock during the year prior the filing of the instant lawsuit.  Constantin alleges that EPIC paid money to Pitre Industries, Inc., Pitre Rae Partnership (all Pitre entities named in the original and amended petitions are hereinafter referred to collectively as "Pitre") or another unknown entity for use of the Texaco Dock and that EPIC trespassed on the Texaco Dock from April 2008 through January 2012.  Plaintiff further alleges that no recorded document establishes any right of any Pitre entity, or any other entity, to lease or sublease the Texaco Dock, but also asserts in the same paragraph that EPIC was negligent in its

"failure to review the lease about which it had actual knowledge and/or <u>public record</u> notice."  <u>Id.</u> at ¶ 8 (emphasis added).

EPIC contends that Constantin cannot state a claim for trespass against it as the alleged sublessee of Pitre because Constantin allegedly had a lease with Pitre.  Citing Louisiana Civil Code articles 2687 and 2692, EPIC argues that Constantin cannot recover from EPIC unless Constantin alleges that EPIC was the <u>lessee</u> of the Texaco Dock, rather than a sublessee.

Article 2687 provides that "[t]he <u>lessee</u> is liable for damage to the thing caused by his fault <u>or that of a person who, with his consent, is on the premises</u> or uses the thing." La. Civ. Code art. 2687 (emphasis added).  Article 2692 provides that "[t]he <u>lessee</u> is bound to repair damage to the thing caused by his fault <u>or that of persons who, with his consent, are on the premises</u> or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing."  <u>Id.</u> art. 2692 (emphasis added).

Under Louisiana law, "[a] civil trespass is defined as the unlawful physical invasion of the property or possession of another.  And a trespasser has been defined as one who goes upon the property of another without the other's consent."  <u>Pepper v. Triplet</u>, 864 So. 2d 181, 197 (La. 2004) (quotation and citations omitted).

8

Accepting as true all well-pleaded facts of the petition, as amended, and viewing them in the light most favorable to plaintiff, I cannot find on this record that Constantin fails to state a claim for trespass against defendant. EPIC's alleged conduct facially falls within the definition of trespass. It is not clear from the petition whether a written or unwritten lease existed between Constantin and EPIC and whether, if a written lease existed, it was recorded. The petition alleges that EPIC had actual knowledge of the lease between Pitre and Constantin, which required Constantin's approval to sublease, and that EPIC had both an invalid "Services Agreement" and a sublease with Pitre. The complete terms of all of those agreements are unknown. The case cited by EPIC, Sauer v. Toye, 616 So. 2d 207 (La. App. 5th Cir. 1993), is not on point because it involved an eviction proceeding, which is a summary proceeding, and because both the written lease and the written sublease were submitted into evidence. Trespass was not an issue in that case.

In the instant case, the terms and validity of any leases, subleases or other agreements, written or oral, and the precise nature of the legal relationships between plaintiff, defendant and the non-party, Pitre, remain to be established by evidence. Only upon determination of those relationships can it be determined whether plaintiff can establish a claim of trespass against EPIC. On the face of the petition, however, Constantin has stated a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** to the extent that plaintiff's claim of conversion is dismissed. The remainder of the motion is **DENIED**.

New Orleans, Louisiana, this _____4th_____ day of April, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

10