UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CONSTANTIN LAND TRUST | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-259 |
| EPIC DIVING AND MARINE SERVICES, LLC | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Defendant, EPIC Diving & Marine Services, LLC ("EPIC"), has filed a second motion to dismiss the claims of plaintiff, Constantin Land Trust ("Constantin"). Record Doc. No. 19. Constantin filed a timely memorandum in opposition to defendant's second motion to dismiss. Record Doc. No. 24. EPIC received leave to file a reply memorandum. Record Doc. Nos. 26, 27, 28.

Having considered the written submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that defendant's motion to dismiss is DISMISSED AS MOOT IN PART as to plaintiff's claim of conversion and DENIED in all other respects.

ANALYSIS

A.  Legal Standard for a Motion to Dismiss

Defendant filed its second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009);

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more

2

than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

Post-Twombly, the Fifth Circuit has reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (citing Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)); Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Ordinarily, "a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the Plaintiff an opportunity to amend." Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tex. Dec. 16, 2009) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6 (5th Cir. 2000)); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Linck v. Brownsville Navig. Dist., 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993).

B. The Motion Is Moot as to Plaintiff's Claim for Conversion

In ruling on EPIC's first motion to dismiss, this court already dismissed Constantin's claim for conversion under Louisiana law, as stated in both plaintiff's original and first amending petitions. Record Doc. No. 20. Accordingly, this portion of defendant's second motion to dismiss is dismissed as moot.

C. The Motion Is Denied as to Plaintiff's Claims for Trespass and Negligence

EPIC argues in the instant motion to dismiss that Constantin's First Amending Petition fails to state a claim against defendant for trespass and/or negligence. EPIC argues that Constantin's sole remedies for its damages must be asserted against Pitre Industries, LLC ("Pitre"), a non-party in the instant action. According to the petition, as amended, Pitre leased property known as "the Texaco Dock" from Constantin and then subleased the property to EPIC. Citing Louisiana Civil Code articles 423, 2687 and 2692, EPIC argues that Constantin's claims are premature and that it cannot recover from EPIC unless Constantin alleges that EPIC was the lessee of the Texaco Dock property, rather than a sublessee of Pitre, or that the lease between Pitre and Constantin had terminated, so that Constantin would have an action against EPIC.

For the same reasons that I previously denied EPIC's identical argument regarding trespass in its first motion to dismiss, I deny its current motion to dismiss plaintiff's trespass and negligence claims, as stated in the First Amending Petition. Accepting as

4

true all well-pleaded facts of the petition, as amended, and viewing them in the light most favorable to plaintiff, I cannot find on this record that Constantin fails to state a claim for either trespass or negligence against defendant.

EPIC's alleged conduct facially falls within the definitions of trespass and negligence. The petition, as amended, alleges that EPIC had actual knowledge of the lease between Pitre and Constantin, which required Constantin's approval to sublease, and that EPIC had both an invalid "Services Agreement" and a sublease with Pitre. The complete terms of those agreements are unknown. It is not clear from the petition whether a written or unwritten lease existed between Constantin and Pitre; whether a written or unwritten sublease existed between Pitre and EPIC; whether, if any written lease existed, it was recorded; and whether the lease or sublease had terminated at the time of any of the alleged conduct.

Thus, the terms and validity of any leases, subleases or other agreements, written or oral, and the precise nature of the legal relationships between plaintiff, defendant and the non-party, Pitre, remain to be established by evidence. Only upon determination of those relationships can it be determined whether plaintiff can establish a claim of trespass or negligence against EPIC. On the face of the petition, however, Constantin has stated plausible claims for relief and defendant's motion to dismiss is denied.

5

D.      Prescription Does Not Bar Plaintiff's Claims at This Stage of the Lawsuit

EPIC argues that plaintiff's negligence and trespass claims are barred, at least in part, by the one-year prescriptive period for delictual actions and actions for damages to immovable property. La. Civ. Code arts. 3492, 3493. Constantin's First Amending Petition states that EPIC's allegedly offending conduct "began in April 2008 and continued through January of 2012." Record Doc. No. 17, at ¶ 2. This action was filed on December 12, 2011. EPIC contends that, to the extent that the alleged tortious acts occurred before December 12, 2010, those claims are prescribed. EPIC in its reply memorandum argues that the continuing tort doctrine does not apply to save plaintiff's claims that occurred more than one year before this lawsuit was filed because plaintiff does not allege in its petition, as amended, that EPIC's tortious conduct "was perpetrated continuously 'on an almost daily basis.'" Culotta v. Sodexo Remote Sites P'ship, No. 11-1561, 2012 WL 1069179, at *4 (E.D. La. Mar. 29, 2012) (Africk, J.) (quoting Lizotte v. Leblanc, 456 F. App'x 511, 512 (5th Cir. Jan. 5, 2012)).

Culotta, an employment discrimination case, is not on point. Although Judge Africk granted defendant's motion to dismiss in that case, plaintiff's petition alleged that she had suffered "a series of discrete and unrelated instances of fraud that she claims were committed in connection with her various promotions and demotions over the final six years of her career at [defendant]. . . . Moreover, each of the alleged acts of fraud

involved different decision-makers that oversaw <u>unrelated employment actions</u> taken over the course of those years." <u>Id.</u> (emphasis added). Similarly, the Fifth Circuit case cited by <u>Culotta</u> was a religious discrimination in which plaintiff failed to state a claim of a continuing tort because of breaks between the alleged discriminatory acts. <u>Lizotte</u>, 456 F. App'x at 512.

In the instant case, by contrast, Constantin alleges that EPIC committed trespass and negligent acts on plaintiff's property that "continued through January of 2012." At this early stage of these proceedings, plaintiff has stated a claim for a continuing violation sufficient to survive a pleadings challenge on the basis of prescription. Accordingly, defendant's motion to dismiss on this basis is denied.

E.  <u>Colorado River Abstention Does Not Apply</u>

EPIC argues in the alternative that the instant civil action should be dismissed or stayed under the abstention doctrine described by the United States Supreme Court in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), because of allegedly "parallel" litigation pending in the 17th Judicial District Court for the Parish of Lafourche between Constantin, as plaintiff, and Pitre, as defendant, which was filed about six months before the instant action. EPIC is not a party to that litigation. In the Petition for Damages in that state court action, which is attached to EPIC's motion to dismiss, Constantin alleges that Pitre committed trespass by occupying and using,

7

without lawful authority or permission from Constantin, several tracts of land owned by Constantin, including the Texaco Dock property that is also the subject of Constantin's allegations against EPIC in the instant case. Constantin alleges alternatively in its Lafourche Parish petition that, if it had any written agreement with Pitre, Pitre breached the agreement by leasing or subleasing property without Constantin's approval or any authority under the agreement, and specifically used or misused the Texaco Dock property. Constantin seeks money damages from Pitre for trespass and breach of contract regarding those allegations. In the further alternative, Constantin alleges in its Lafourche Parish lawsuit that, if Pitre claims any rights to any of the described properties under a lease between Constantin and a non-party, Shorebase Land Development Company, L.L.C., then Pitre breached that lease in various ways. With regard to that lease only, Constantin seeks both damages and declaratory and injunctive relief cancelling the lease and recognizing that any improvements constructed by Pitre are forfeited to Constantin. The petition does not specify which of the various properties described therein is covered by that particular lease. Record Doc. No. 19-1, at pp. 13-18.

Under <u>Colorado River</u>, a federal court may abstain from deciding a case over which it has subject matter jurisdiction where "parallel" litigation is pending in a state court, but only under "exceptional circumstances." <u>Id.</u> at 818. As a threshold matter, "<u>Colorado River</u> discretion to stay is available <u>only</u> where the state and federal

proceedings are parallel–i.e., where the two suits involve the same parties and the same issues." Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 251 (5th Cir. 2005) (citation omitted) (emphasis added).

The district court's discretion under Colorado River "is narrowly circumscribed by its obligation to hear cases within its jurisdiction," id. (quotation omitted), and must be applied strictly as an "extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817; accord Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 499 (5th Cir. 2002). Thus, the mere pendency of duplicative state court litigation is not alone sufficient to support an abstention order. The court abuses its discretion if it abstains from hearing a lawsuit that is not "parallel" to a pending state court action. Am. Guarantee, 408 F.3d at 252.

"Ordinarily, [federal and state court] actions are parallel when the same parties are litigating the same issues. The Fifth Circuit has noted, however, that 'there need not be applied in every instance a mincing insistence on precise identity of these.'" Kenner Acquisitions, LLC v. BellSouth Telecomm., Inc., No. 06-3927, 2007 WL 625833, at *1 (E.D. La. Feb. 26, 2007) (Vance, J.) (quoting RepublicBank Dallas Nat'l Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987)) (citing Am. Guarantee, 408 F.3d at 251;

9

Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990)).

EPIC concedes that the parties to the two actions are not identical, but argues that, as in Kenner Acquisitions, the actions "consist of substantially the same parties litigating substantially the same issues." Id. at *2 (citing Caminiti & Iatarola, Ltd. v. Behnke Warehousing, 962 F.2d 698, 700-01 (7th Cir. 1992)). "Of central concern" in determining whether actions are parallel "is whether there is 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" Id. (quoting Lumen Constr ., Inc. v. Brant Constr. Co., 780 F.2d 691, 695 (7th Cir. 1985)).

I find that the instant action is not parallel to the Lafourche Parish action. Constantin chose to sue Pitre and EPIC in separate lawsuits, which contain differing allegations of wrongdoing. Constantin's allegations against Pitre in the Lafourche Parish lawsuit encompass several properties and agreements, not just the Texaco Dock property on which EPIC is alleged to have committed its tortious acts, and allege that some or all of the agreements are or should be invalid. Assuming in the instant case that there was a valid lease between Constantin and Pitre that governed their relationship regarding the Texaco Dock property, which the court has not seen or interpreted, there nonetheless might not have been a valid sublease between Pitre and EPIC, which the court also has not seen or interpreted. A resolution of the issue of EPIC's rights, or lack of right, to use

the Texaco Dock property in the manner that it allegedly did does not appear to be necessary to the disposition of the state court litigation against Pitre, but is essential to determination of the merits of the instant action between Constantin and EPIC. On this record and at this early stage of this matter, I cannot find a substantial likelihood that the state court litigation will dispose of all claims presented in the instant case.

Even if the two actions were parallel, they do not present the "extraordinary and narrow exception" to this court's "virtually unflagging obligation" to exercise its jurisdiction. Colo. River, 424 U.S. at 817. "In making the determination of whether 'exceptional circumstances' exist that allow abstention in deference to pending state court proceedings, the Supreme Court has identified six relevant factors:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Kelly Inv., 315 F.3d at 497 (quoting Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 540 n.6 (5th Cir. 2002)).

Weighing these factors in this case militates against a finding of "exceptional circumstances" and in favor of denying the motion to stay. First, neither this court nor the state court has assumed jurisdiction over a res, when Constantin has merely asked this court to determine whether tortious conduct occurred on the Texaco Dock property and

11

has asked the state court to determine whether tortious conduct or breach of contract occurred regarding the property. Compare Colo. River, 424 U.S. at 818-19 (The state court adjudicating "highly interdependent"water rights in a river system was the first to assume jurisdiction over property. "[T]he rule requiring that jurisdiction be yielded to the court first acquiring control of property [is concerned] . . . with avoiding the generation of additional litigation through permitting inconsistent dispositions of property."), and Kenner Acquisitions, 2007 WL 625833, at *3-4 (citing Smith v. Humble Oil & Ref. Co., 425 F.2d 1287, 1288 (5th Cir. 1970); Key v. Wise, 629 F.2d 1049, 1059-60 (5th Cir. 1980)) (State court assumed jurisdiction over the res when plaintiff sought a declaration that it was the owner of the immovable property to the exclusion of defendant's title claim. "Although the state court declaratory judgment action is not an in rem proceeding in the sense that the litigation commenced against the property itself, this type of case has been treated as in rem or quasi in rem by courts that have applied the 'first court to assert jurisdiction' rationale."), with Kelly Inv., 315 F.3d at 498 (allegations of breach of promissory notes secured by mortgages on immovable property and request for declaratory judgment regarding terms of promissory notes do not involve assertion of jurisdiction over a res), and Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000) (quotation omitted) (Allegations of breach of agreement to buy shares of stock do "not involve any res or property over which any

court, state or federal, has taken control."). The absence of the assumption of jurisdiction over a res by either court in the instant matter weighs against abstention. Id.

As the parties concede, this court is not an inconvenient forum. This second factor weighs against abstention. Id.

For the same reasons explained above regarding the lack of parallel litigation, this case presents the risk merely of duplicative litigation, not of piecemeal litigation.

> But the prevention of duplicative litigation is not a factor to be considered in an abstention determination. Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger. This factor therefore weighs against abstention.

Id. at 650-51 (quotation and citations omitted).

As to the fourth factor, the Lafourche Parish suit was filed first and, according to EPIC's memorandum, has progressed to the discovery stage, while the instant case is still in the pleading stage. However, plaintiff asserts in its memorandum that the two actions are progressing at about the same pace. Neither party states that a trial date has been set in the state court litigation. Assuming that the state court litigation is at a slightly later stage of litigation, as defendant claims, this factor weighs slightly in favor of abstention.

The fifth factor is whether questions of federal law are implicated.

> The instant case involves only issues of state law. Nevertheless, "[t]he absence of a federal-law issue does not counsel in favor of abstention. Our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under Colorado River to justify the surrender of that jurisdiction. Thus, the presence of state law issues weighs in favor of surrender only in rare circumstances.

Id. at 651 (quotations and citations omitted). The Fifth Circuit found in Black Sea Investment that, even when state law is not clearly established regarding the issues in the case, this factor is "at most neutral with respect to the propriety of abstaining under Colorado River." Id. The instant case does not appear to include any novel or unresolved issues of state law. Therefore, this factor weighs against abstention, or is at most neutral. It does not present the rare circumstances that justify surrender of jurisdiction.

Finally, the sixth factor militates against abstention. Constantin's rights and remedies against EPIC, if any, will not be litigated in the state court proceeding between Constantin and Pitre.

After balancing all of the factors, I find no "exceptional circumstances" that might serve as a basis on which this court should decline to exercise its legitimate jurisdiction. Colorado River abstention is inappropriate in this case.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion to dismiss is **DISMISSED AS MOOT** regarding plaintiff's claim of conversion. The remainder of the motion is **DENIED**.

New Orleans, Louisiana, this ___4th___ day of May, 2012.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE